UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § § CIVIL ACTION NO. _____ § |
| Plaintiff, | § JURY TRIAL REQUESTED |
| v. | § § |
| SPRINT NEXTEL CORPORATION, | § § |
| Defendant. | § § |

## ORIGINAL COMPLAINT

Plaintiff Mobile Telecommunications Technologies, LLC ("MTEL") files this Complaint against Defendant Sprint Nextel Corporation ("Sprint") for infringement of U.S. Patent No. 5,590,403 (the "'403 Patent") pursuant to 35 U.S.C. § 271 and alleges as follows.

## THE PARTIES

1. Plaintiff MTEL is a Delaware corporation with its principal place of business at 1720 Lakepointe Drive, Suite 100 Lewisville, TX 75057.

2. MTEL is the holder of a portfolio of patents formerly held by Mobile Telecommunication Technologies Corp. ("MTEL Corp.") and its related entities, such as Destineer and SkyTel Communications.

3. MTEL Corp. was a pioneer in wireless communications and is credited with launching the world's first two-way wireless paging service, dubbed SkyTel 2-Way.

4. The paging operations and business are currently based out of Lewisville, Texas.

5. Defendant Sprint is a Kansas corporation with a principal place of business in Johnson County, Kansas. In addition to Sprint continuously and systematically conducting

business in Texas, the causes of action against Sprint arose from or are connected with Sprint's purposeful acts committed in Texas.  Sprint engages in business in but does not maintain a regular place of business in Texas and has not designated or maintained a resident agent for service of process.  Accordingly, pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code, and Articles 2.11 of the Texas Business Corporations Act, the Texas Secretary of State is designated as Sprint's agent for service of process in this action.  The Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested.  Pursuant to section 17.045(a) of the Civil Practice and Remedies Code, the Secretary of State shall forward citation and a copy of this Complaint to Sprint's home or home office, c/o Corporation Service Company, 200 S.W. 30th St., Topeka, Kansas 66611.

6. Defendant uses Clearwire Corporation's WiMAX network.

7. On information and belief, Defendant is the majority owner of Clearwire Corporation and is attempting to acquire the remainder of the company.

## JURISDICTION AND VENUE

8. This is an action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

9. This Court has personal jurisdiction over Defendant under the laws of the State of Texas, including the Texas long-arm statute, Tex. Civ. Prac. & Rem. Code § 17.042.

10. Plaintiff incorporates all statements of jurisdiction in the preceding paragraphs. The causes of action against Defendant in this Complaint arise from or are connected with

purposeful acts committed by Defendant in Texas. Defendant has conducted and continues to conduct business within the State of Texas, directly or through intermediaries or agents, or offer for sale, sell, or advertise (including through the provision of interactive web pages) products or services, or use or induce others to use products or services in Texas that infringe the '403 Patent, or knowingly contribute to infringement of the '403 Patent.

## THE PATENT-IN-SUIT

11. On December 31, 1996, the United States Patent and Trademark ("USPTO") duly and legally issued United States Patent No. 5,590,403, titled "Method and System for Efficiently Providing Two Way Communication Between a Central Network and Mobile Unit," after a full and fair examination. A true and correct copy of the '403 Patent is attached hereto as Exhibit A. MTEL is the assignee of all right, title and interest in and to the '403 Patent and possesses the exclusive right of recovery under the '403 Patent, including the exclusive right to recover for infringement of the '403 Patent. The '403 Patent is valid and enforceable.

12. The '403 Patent claims, *inter alia*, a two-way communications system for communication between a system network and a mobile unit.

13. The inventions described in the '403 Patent present novel methods for, *inter alia*, improving throughput and communication within a wireless network using transmission and network optimization techniques, including but not limited to simulcasting and dynamic assignment of transmitters to different zones.

## INFRINGEMENT OF THE PATENT-IN-SUIT

14. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1-13 as if those allegations have been fully set forth herein.

15.  WiMAX (Worldwide Interoperability for Microwave Access) is a dedicated data network offering wider coverage and a higher capacity than Wi-Fi, while supporting a single standard for fixed and mobile usage. WiMAX service uses towers in markets, creating market-sized "hot zones" as opposed to Wi-Fi "hot spots" which have a very limited range.  WiMAX circumvents service issues such as interference and noise that can be experienced when using Wi-Fi.

16.  Defendant utilizes a WiMAX network that implements the mobile WiMAX Standard – sometimes referred to as the IEEE 802.16e Standard.

17.  In particular, on information and belief, Defendant utilizes a WiMAX network that implements the Macro Diversity Handover portions of the IEEE 802.16e-2005 Standard.

18.  Defendant's 4G network operates in the FCC licensed 2.5 GHz spectrum.

19.  Defendant makes, uses, sells or offers to sell access to its wireless 3G and 4G networks, which utilizes multiple input, multiple output (MIMO) functionality, including but not limited to WiMAX and LTE (Long Term Evolution) communication technology.

20.  Defendant's commercial wireless network has a nationwide footprint across the U.S. and its territories.  Defendant offers its 4G LTE service in at least 49 markets, including Dallas and Houston.

21.  Defendant offers for sale and sells wireless devices that allow its customers access to Defendant's nationwide network utilizing MIMO functionality, including but not limited to its 4G WiMAX and 4G LTE networks.

22.  Defendant uses MIMO configurations in accordance with technical standards described in IEEE 802.11n and HSPA+/LTE Release 10.

23. Defendant uses the technique described and claimed in the '403 Patent consistent with the MIMO aspects of the standard (described at Wi-Fi Certified n: Longer Range, Faster Throughput, Multimedia-Grade Wi-Fi Networks, at 5-6):

> A MIMO system has some number of transmitters (N) and receivers (M) . . . Signals from each of the N transmitters can reach each of the M receivers via a different path in the channel. A MIMO device with multiple antennas is capable of sending multiple spatial streams – spatially distinct data streams within the same channel. A MIMO device with multiple antennas is capable of receiving multiple spatial streams. Multipath helps decorrelate the received signals enabling transmission of multiple data streams through the same MIMO channel – a technique called spatial multiplexing. MIMO can multiply data rate through a technique called spatial multiplexing - dividing a data stream into several branches and sending it as multiple parallel data streams simultaneously in the same channel.

24. Defendant's use, sale, offer to sell, importation, and making of products practicing the 802.11n MIMO standard infringes at least claim 1 of the '403 Patent. In addition to directly infringing the '403 Patent, Defendant induces the performance of the claimed methods by its customers and users of Defendant's 802.11n equipment. By providing its 802.11n compliant MIMO-enabled products, Defendant contributes to its users' and customers' infringement of the '403 Patent.

25. Defendant's devices wirelessly communicate with Defendant's networks using MIMO functionality.

26. Defendant charges its customers a monthly fee for access to Defendant's networks.

27. Defendant, without authorization or license, has been and is now infringing one or more claims of the '403 Patent, in violation of 35 U.S.C. § 271, directly and/or indirectly, by

way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents.

28. Defendant directly infringes by making, using, selling, offering for sell, and/or importing its nationwide wireless network that practices one or more of the communication methods claimed in the '403 Patent, including but not limited to its 4G WiMAX network and its 4G LTE network. In addition, Defendant provides wireless devices that practice one or more claims of the '403 Patent. Defendant's network infringes one or more claims of the '403 Patent by, *inter alia*, utilizing MIMO functionality or dynamically reassigning transmitters due to changing conditions within the network or load balancing transmitters to achieve efficient coverage and capacity.

29. Users of Defendant's nationwide wireless network, including but not limited to its 4G WiMAX network and 4G LTE network, are also direct infringers of the '403 Patent.

30. Defendant contributes to and induces infringement by others when it encourages them to infringe the '403 Patent by providing subscription service to a network that performs the methods of the '403 Patent and wireless devices compatible with such network.

31. The infringing network performs, by Defendant's acts alone or in concert with others, the transmission techniques claimed in the '403 Patent.

32. Defendant had knowledge of the '403 Patent at least at the time of the filing of this action. On information and belief, Defendant gained knowledge of the '403 Patent prior to the filing of this action, in part, due to prior assertions by MTEL of the '403 Patent against affiliates of Defendant.

33. Defendant's infringement has been and continues to be deliberate and willful.

34. Plaintiff has no adequate remedy at law against Defendant's acts of infringement and Defendant's infringement will continue unless enjoined by this Court.

35. Plaintiff has suffered, and will continue to suffer, irreparable injury as a result of Defendant's infringement.

36. Plaintiff is in compliance with the requirements of 35 U.S.C. § 287.

37. Plaintiff has been damaged by Defendant's infringement, and will continue to be damaged until this Court enjoins Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A. That Defendant be adjudged to have infringed the '403 Patent, directly and indirectly, by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents;

B. That Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly or indirectly infringing the '403 Patent;

C. That Plaintiff be awarded damages sufficient to compensate Plaintiff for Defendant's infringement, pursuant to 35 U.S.C. § 284;

D. That Defendant be directed to pay Plaintiff pre-judgment and post-judgment interest and costs for Plaintiff bringing this lawsuit, in accordance with 35 U.S.C. § 284;

E. That Defendant be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

F. That Plaintiff receive such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a trial by jury of any and all issues triable of right before a jury.

Dated: December 31, 2012

Respectfully Submitted,

*/s/ Daniel R. Scardino*
Daniel Scardino
Texas State Bar No. 24033165
Chad Ennis
Texas State Bar No. 24045834
REED & SCARDINO LLP
301 Congress Avenue, Suite 1250
Austin, TX 78701
Tel. (512) 474-2449
Fax (512) 474-2622
dscardino@reedscardino.com
cennis@reedscardino.com

**ATTORNEYS FOR PLAINTIFF**
**MOBILE TELECOMMUNICATIONS**
**TECHNOLOGIES, LLC**