**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 2:12-CV-00832 JRG-RSP |
| v. | § § | |
| SPRINT NEXTEL CORPORATION, | § § | JURY TRIAL REQUESTED |
| Defendant. | § § § § | |

**SPRINT NEXTEL CORPORATION'S PARTIAL MOTION TO DISMISS
MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC'S
FIRST AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and L.R. CV-7, Defendant Sprint Nextel Corporation ("Sprint")[1] respectfully moves to partially dismiss Plaintiff Mobile Telecommunications Technologies, LLC's ("MTEL") First Amended Complaint for failure to state a claim for relief.

**I.   INTRODUCTION**

MTEL alleges that Sprint contributorily infringes U.S. Patent Nos. 5,590,403, 5,659,891, and 5,915,210 ("the asserted patents") under 35 U.S.C. § 271(c) by selling customers "subscription services" and/or "802.11n compliant MIMO-enabled products." *First Amended Compl.*, Doc. 9, ¶¶ 30, 36. First, to the extent MTEL alleges that Sprint's sale of a service forms

---

[1] Sprint Nextel Corporation has advised MTEL that Sprint Nextel Corporation is merely a holding company and that Sprint Spectrum L.P. is the proper defendant in this action. As such, the parties are currently working on a motion to substitute Sprint Spectrum L.P. for Sprint Nextel Corporation as the proper party defendant.

the basis of its contributory infringement allegations, the Federal Circuit has made clear that a § 271(c) claim cannot be predicated on the sale of a service. Second, to the extent MTEL alleges that Sprint's sale of 802.11n compliant MIMO-enabled products serves as the basis of its § 271(c) claim, MTEL fails to even allege that these product have no substantial non-infringing use or provide any factual allegations in support of this element. Accordingly, MTEL has failed to state claims for contributory infringement of the asserted patents under 35 U.S.C. § 271(c), and the Court should dismiss these claims.

## II.  LEGAL STANDARDS

Rule 8(a)(2), governing pleading requirements, states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The pleading must contain something more than a statement of facts that merely create a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 555. Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citations omitted).

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" *In re Bill of Lading*, 681

2

F.3d 1323, 1337 (quoting 35 U.S.C. § 271(c) (2006)). Therefore, "[t]o state a claim for contributory infringement . . . a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Id.* "[A] substantial non-infringing use is any use that is 'not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.'" *Id.* (quoting *Vita-Mix Corp. v. Basic Holdings, Inc.*, 581 F.3d 1317, 1327-29 (Fed. Cir. 2009)).

### III. MTEL FAILS TO STATE A CLAIM FOR CONTRIBUTORY INFRINGEMENT

MTEL fails to state a claim for contributory infringement. The factual allegations in support of MTEL's contributory infringement claims are set forth in paragraphs 30 and 36 of MTEL's First Amended Complaint:

> "By providing its 802.11n compliant MIMO-enabled products, Defendant contributes to its users' and customers' infringement of the '403 patent." *First Amended Compl.* ¶ 30.
>
> "Defendant contributes to and induces infringement by others when it encourages them to infringe the Patents-in-Suit by providing subscription service to a network that performs the methods of the Patents-in-Suit and wireless devices compatible with such network." *Id.* ¶ 36.

But MTEL's § 271(c) claim is barred as a matter of law to the extent that it bases its contributory infringement claims on Sprint's sale of "subscription services." *See id.* The Federal Circuit has held that § 271(c) cannot apply to the sale of a service. *PharmaStem Therapeutics, Inc. v. Viacell, Inc.*, 491 F.3d 1342, 1357 (Fed. Cir. 2007) (noting that § 271(c) does not apply to sale of a service); *see also Best Med. Int'l, Inc. v. Accuray, Inc.*, No. 2:10-cv-1043, 2011 WL 860423, at *6 (W.D. Pa. Mar. 9, 2011) (holding "[c]ontributory infringement requires the sale of a product of some sort—the provision of a *service does not suffice*" (emphasis added)); *Nuance Commc'ns Inc. v. Tellme Networks, Inc.*, 707 F. Supp. 2d 472, 487 (D. Del. 2010) (noting "that a patentee

cannot predicate allegations of contributory infringement upon the defendant's provision of a service"). Rather, a § 271(c) claim must be predicated on the sale of "a *component* of a patented machine, manufacture, combination, or composition, or a *material or apparatus*." 35 U.S.C. § 271(c) (emphasis added). Accordingly, any MTEL claim under § 271(c) based on Sprint's sale of "subscription services" is barred as a matter of law.

MTEL's § 271(c) allegations based on Sprint's sale of a component also fail to state a claim for relief. This allegation by MTEL relates only to the '403 patent. *See First Amended Compl.* ¶ 30. The only potential "component" that serves as the basis for MTEL's contributory infringement claim for the '403 patent are "802.11n compliant MIMO-enabled products." *Id.* But MTEL fails to allege that these "802.11n compliant MIMO-enabled products" have no substantial non-infringing use, let alone provide factual allegations in support of this element. *See, e.g.*, *Lone Star Document Mgmt., LLC v. Atalasoft, Inc.*, No. 2:11-CV-00319-JRG, 2012 WL 4033322, at *4 (E.D. Tex. Sept. 12, 2012) (Gilstrap, J.) (dismissing § 271(c) allegations where plaintiff failed to include any discussion of other uses for the component that formed the basis of the § 271(c) claim or allege that there was no substantial non-infringing use for the component); *Inmotion Imagery Techs. v. Brain Damage Films*, No. 2:11-CV-414-JRG, 2012 U.S. Dist. LEXIS 112630 at *9-10 (E.D. Tex. Aug. 10, 2012) (Gilstrap, J.) (same, where complaint failed to identify the components forming the basis for the § 271(c) claim or any facts "adequate for the Court to find an inference that such components [had] no substantial non-infringing uses"); *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.,* No. 6:11-cv-229, 2012 U.S. Dist. LEXIS 114199, at *19-*20 (E.D. Tex. July 27, 2012) (dismissing § 271(c) claim where complaint was "devoid of any allegation from which the Court [could] plausibly infer that any components being sold [had] no substantial non-infringing uses"). Accordingly, any

4

contributory infringement claim based on Sprint's alleged sale of 802.11n compliant MIMO-enabled products should be dismissed for failure to state a claim.

## IV.  CONCLUSION

For the foregoing reasons, the Court should dismiss MTEL's contributory infringement claims against Sprint for failure to state a claim.

Dated: April 8, 2013                                                        Respectfully submitted,


By: /s/ Tom Henson
Tom Henson
RAMEY & FLOCK, P.C.
100 E. Ferguson, Suite 500
Tyler, Texas  75702-0629
Telephone: 903-597-3301
Facsimile: 903-597-2413
thenson@rameyflock.com

ATTORNEY FOR DEFENDANT
SPRINT NEXTEL CORPORATION


## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2013 all counsel of record who have consented to electronic service are being served with a copy of the foregoing via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Tom Henson