**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § § | |
| Plaintiff, | § § | Case No. 2:12-cv-832-JRG-RSP |
| v. | § § | (Lead Case) |
| SPRINT NEXTEL CORPORATION, | § § § | |
| Defendant. | § | |

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 2:13-cv-259-JRG-RSP |
| SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, | § § § | |
| Defendant. | § | |

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 2:13-cv-258-JRG-RSP |
| APPLE INC., | § § § | |
| Defendant. | § § | |

1

# **PROTECTIVE ORDER**

In order to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the parties are entitled to keep confidential, ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, in accordance with Federal Rule of Civil Procedure 26(c) and based upon the parties' stipulation, it is hereby ORDERED that:

**1.     INFORMATION SUBJECT TO THIS ORDER**

Discovery materials produced in this Action may be labeled as one of three categories: "CONFIDENTIAL," "CONFIDENTIAL OUTSIDE COUNSEL ONLY" and "RESTRICTED CONFIDENTIAL – SOURCE CODE," as set forth in Paragraphs A. through C., below.  All three of the identified categories of information shall be identified collectively in this Order by the title "Protected Information."

a.     To the extent that any Defendant in the consolidated actions provides Protected Information to Plaintiff, Plaintiff shall not share that material with the other Defendants in the consolidated actions, absent express written permission from the producing Defendant.  This Order does not confer any right to any one Defendant to access the Protected Information of any other Defendant; and

b.     No Defendant is required to produce its Protected Information to any other Defendant or Defendants, but nothing in this Order shall preclude such production. Notwithstanding the provisions of this Protective Oder, Plaintiff shall not disclose one Defendant's Protected Information to any other Defendant or Defendants through Court filings, oral argument in Court, expert reports, deposition, discovery requests, discovery responses, or any other means, without the express prior written consent of the Defendant that produced the Protected Information.  To the extent that any under seal Court filings contain Protected Information of only one Defendant, Plaintiff shall only be obligated to serve that Defendant.  The Defendant whose Protected Information is contained in that Court filing shall subsequently provide redacted courtesy copies to other Defendants in the consolidated actions.

**A.     Information Designated as "CONFIDENTIAL INFORMATION"**

1.     For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material produced for or disclosed in connection with this action to a receiving party that a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order in connection with this action, considers to comprise confidential technical, sales, marketing, financial, or other commercially sensitive  information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the producing party.  Any CONFIDENTIAL INFORMATION obtained by any party from any person as a result of this Action may be used only for purposes of this Action.

        2.      Any document or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated as such by the producing party by marking it "CONFIDENTIAL" at or before the time copies are furnished to the receiving party. The "CONFIDENTIAL" marking shall be placed clearly on each page of the Protected Information (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

        3.      All CONFIDENTIAL INFORMATION not reduced to documentary, tangible or physical form, or which cannot be conveniently designated as set forth in Paragraph 1.A.2., shall be designated by the producing party by informing the receiving party of the designation in writing at or before the time the information is provided to the receiving party.

        4.      Any documents (including physical objects) made available for inspection by the receiving party's counsel before producing copies of selected items shall initially be considered, as a whole, to constitute CONFIDENTIAL INFORMATION unless otherwise designated at the time of inspection and shall be subject to this Order. Thereafter, the producing party shall have a reasonable time to review and designate the appropriate documents as CONFIDENTIAL INFORMATION (or otherwise as appropriate) before furnishing copies to the receiving party.

        5.      The following information is not CONFIDENTIAL INFORMATION:

        a.      Any information that is or, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such information;

        b.      Any information that the receiving party can show was already publicly known prior to the disclosure; and,

        c.      Any information that the receiving party can show by written records was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

        6.      Documents designated "CONFIDENTIAL" and information contained therein shall be available only to:

        a.      up to three previously identified officers, directors, and employees of a Receiving Party to whom disclosure is reasonably necessary for this litigation, who have signed the form attached hereto as Attachment A and have been disclosed in a process similar to that outlined for technical advisers in Paragraph 3.C;

        b.      Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters;

     c. Technical advisers and their necessary support personnel, subject to the provisions of Paragraphs 3.A.-3.F. herein, and who have signed the form attached hereto as Attachment A. The term "technical adviser" shall mean independent outside expert witnesses or consultants (*i.e.*, not employees of a party) with whom counsel may deem it necessary to consult and who comply with Paragraph 3., below;

     d. Up to two in-house counsel who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

     e. The Court, its personnel, and stenographic reporters (under seal or with other suitable precautions determined by the Court);

     f. Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; non-technical jury or trial consulting services, including mock jurors provided the mock jurors sign the form attached hereto as Attachment A; and

     g. Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Information and to keep any information concerning Protected Information confidential.

  **B.** **Information Designated as "CONFIDENTIAL OUTSIDE COUNSEL ONLY"**

    1. The "CONFIDENTIAL OUTSIDE COUNSEL ONLY" designation is reserved for CONFIDENTIAL INFORMATION that constitutes: (a) marketing, financial, sales, web traffic, research and development, or technical information; (b) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (c) information, data, or strategic plans relating to future products not yet commercially released; and/or (d) commercial agreements, settlement agreements, or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party. Documents marked "CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" shall be treated as if designated CONFIDENTIAL OUTSIDE COUNSEL ONLY. In determining whether information should be designated as CONFIDENTIAL OUTSIDE COUNSEL ONLY, each party agrees to use such designation in good faith.

    2. Documents designated CONFIDENTIAL OUTSIDE COUNSEL ONLY and information contained therein shall be available only to the persons or entities listed in Paragraphs 1.A.6.b., c., e., and f. subject to any terms set forth or incorporated therein and not any person or entity listed in Paragraph 1.A.6.a., d., or g.

    3. Any document or tangible thing containing or including any CONFIDENTIAL OUTSIDE COUNSEL ONLY information may be designated as such by the

producing party by marking it "CONFIDENTIAL OUTSIDE COUNSEL ONLY" at or before the time copies are furnished to the receiving party. The "CONFIDENTIAL OUTSIDE COUNSEL ONLY" marking shall be placed clearly on each page of the Protected Information (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

      **C.**    **Information Designated as "RESTRICTED CONFIDENTIAL - SOURCE CODE"**

      1.    The "RESTRICTED CONFIDENTIAL – SOURCE CODE" designation is reserved for CONFIDENTIAL INFORMATION that contains or substantively relates to a party's "Source Code," which shall mean documents and physical objects containing or substantively relating to confidential, proprietary and/or trade secret source code or confidential, proprietary and/or trade secret technical design documentation, including source code listings and descriptions of source code or object code listings and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.

      2.    All such Source Code, and any other Protected Information designated as "RESTRICTED CONFIDENTIAL – SOURCE CODE," shall be subject to the following provisions:

      a.    Source Code, to the extent any producing party agrees to provide any such information, shall ONLY be made available for inspection, not produced (except as provided for below), and shall be made available in electronic format at one of the following locations chosen at the sole discretion of the producing party: (i) the offices of the producing party's primary outside counsel of record in this action; or (ii) a location mutually agreed upon by the receiving and producing parties. Any location under (i) or (ii) above shall be in the continental United States. Source Code will be loaded on a single, non-networked computer that is password protected and maintained in a secure, locked area. Use or possession of any input/output device (*e.g.*, USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, or other flash memory device, etc.) is prohibited while accessing the computer containing the Source Code. All persons entering the locked room containing the Source Code must agree to submit to reasonable security measures to insure they are not carrying any prohibited items before they will be given access to the locked room. Cellphones without cameras may be allowed in the Source Code room. Alternatively, upon request, the producing party shall make a telephone available to persons entering the Source Code room. The computer containing Source Code will be made available for inspection during regular business hours upon reasonable notice to the producing party, which shall not be less than three business days in advance of the requested inspection.

      b.    The receiving party's outside counsel and/or experts may request that commercially available licensed software tools for viewing and searching Source Code be installed on the secured computer. The receiving party must provide the producing party with

the CD or DVD containing such software tool(s) at least four business days in advance of the inspection.

    c. The receiving party's outside counsel and/or expert shall be entitled to take notes relating to the Source Code but may not copy any portion of the Source Code into the notes. No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

    d. No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code, except that the receiving party may request a reasonable number of pages of Source Code to be printed by the producing party, but only if and to the extent necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report) in this Action. The burden shall be on the producing party to demonstrate why it should not comply with the request for printed pages. Within five business days, or such additional time as necessary due to volume requested, the producing party will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "RESTRICTED CONFIDENTIAL - SOURCE CODE" unless objected to as discussed below. The printed pages shall constitute part of the Source Code produced by the producing party in this Action. At the receiving party's request, up to two additional sets (or subsets) of printed Source Code may be requested and provided by the producing party in a timely fashion.

    e. If the producing party objects that the printed portions are not reasonably necessary to any case preparation activity, the producing party shall make such objection known to the receiving party within five business days. If, after meeting and conferring (where such meet-and-confer need not take place in person), the producing party and the receiving party cannot resolve the objection, the producing party shall be entitled, but not required, to seek a Court resolution of whether the printed Source Code in question is reasonably necessary to any case preparation activity. Contested Source Code print outs need not be produced to the requesting party until the matter is resolved by the Court.

    f. Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the producing party as "RESTRICTED CONFIDENTIAL – SOURCE CODE," may not be copied, digitally imaged, or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to expert reports, or court filings as discussed below.

    g. Any paper copies designated "RESTRICTED CONFIDENTIAL – SOURCE CODE" shall be stored or viewed only at: (i) the offices of outside counsel for the receiving party; (ii) the offices of outside experts or consultants who have been approved to access Source Code; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial, or deposition. Any such paper copies shall be maintained at all times in secure location under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials.

    h. A list of names of persons who will view the Source Code will be provided to the producing party in conjunction with any written (including email) notice

requesting inspection.  The receiving party shall maintain a daily log of the names of persons who enter the locked room to view the Source Code and when they enter and depart.  The producing party shall be entitled to have a person observe all entrances and exits from the Source Code viewing room, and to a copy of the log.

        i.     Unless otherwise agreed in advance by the parties in writing, following each inspection, the receiving party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The producing party shall not be responsible for any items left in the room following each inspection session.

        j.     The receiving party will not copy, remove, or otherwise transfer any portion of the Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring any portion of the Source Code onto any other computers or peripheral equipment.  The receiving party will not transmit any portion of the Source Code in any way from the location of the Source Code inspection.

        k.     Only the following individuals shall have access to "RESTRICTED CONFIDENTIAL – SOURCE CODE" materials, absent the express written consent of the producing party or further court order:

        (1)     Outside counsel of record for the parties to this action, including any attorneys, paralegals, technology specialists, and clerical employees of their respective law firms;

        (2)     Up to three outside experts or consultants per party, pre-approved in accordance with Paragraphs 3.A. through 3.F. and specifically identified as eligible to access Source Code;

        (3)     The Court, its technical advisor (if one is appointed), the jury, Court personnel, and stenographers or videographers recording testimony or other proceedings in this action.  Stenographers and/or videographers shall not retain or be given copies of any portions of the Source Code.  If Source Code is used during a deposition, the deposition record will identify the Source Code exhibit by its production numbers;

        (4)     While testifying at deposition or trial in this Action only: (i) any current or former officer, director or employee of the producing party or original source of the information; (ii) any person designated by the producing party to provide testimony pursuant to Federal Rule of Civil Procedure 30(b)(6); and/or (iii) any person who authored, previously received (other than in connection with this Action), or was directly involved in creating, modifying, or editing the Source Code, as evident from its face or reasonably certain in view of other testimony or evidence.  Persons authorized to view Source Code pursuant to this sub-paragraph shall not retain or be given copies of the Source Code except while so testifying.

        l.     The receiving party's outside counsel shall maintain a log of all copies of the Source Code (received from a producing party) that are delivered by the receiving party to any qualified person under Paragraph 1.C.2.g., above.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.  Upon the producing party's request, the receiving party shall provide reasonable assurances and/or

descriptions of the security measures employed by the receiving party and/or qualified person that receives a copy of any portion of the Source Code;

    m. Except as provided in this paragraph, the receiving Party may not create electronic images, or any other images, of the Source Code from the paper copy for use on a computer (*e.g.*, may not scan or photograph the source code). The receiving party may create an electronic copy or image of limited excerpts of Source Code only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS"). The receiving party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used. Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The receiving party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection. The communication and/or disclosure of electronic files containing any portion of Source Code shall at all times be limited to individuals who are authorized to see Source Code under the provisions of this Protective Order. The receiving party shall maintain a log of all electronic images and paper copies of Source Code in its possession or in the possession of its retained consultants, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored. Additionally, all electronic copies must be labeled "RESTRICTED CONFIDENTIAL - SOURCE CODE."

    n. To the extent portions of Source Code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped and treated as RESTRICTED CONFIDENTIAL – SOURCE CODE or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as RESTRICTED CONFIDENTIAL – SOURCE CODE.

    o. All copies of any portion of the Source Code in whatever form shall be securely destroyed if they are no longer in use. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

    p. The receiving party's outside counsel may only disclose a copy of the Source Code to individuals specified in Paragraph 1.C.2.k., above (*i.e.*, Source Code may not be disclosed to in-house counsel).

### D. Use of Protected Information at Trial

A party shall provide a minimum of two business days notice to the producing party in the event that a party intends to use any Protected Information during trial. In addition, the parties will not oppose any request by the producing party that the courtroom should be sealed, if allowed by the Court, during the presentation of any testimony relating to or involving the use of any Protected Information.

**2.     PROSECUTION BAR**

A.     CONFIDENTIAL – OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – SOURCE CODE (collectively, "Prosecution Bar Materials") information or any information contained therein shall not be disclosed to and used by anyone who is responsible for the preparation, prosecution and/or reexamination of: (i) any patent applications which claim priority, in whole or part, to the patents-in-suit, or (ii) any continuations, continuations in part, reissues, or divisionals that derive in whole or in part from the patents-in-suit. Notwithstanding the foregoing, counsel involved in proceedings before the United States Patent and Trademark Office ("PTO") regarding the patents-in-suit ("PTO Counsel") may be granted access to Prosecution Bar Materials to comply with the duty of disclosure stated in MPEP §§2001.06(c) and 2014, as long as no new claims or claim amendments based solely on Prosecution Bar Materials disclosed by another party are presented in such proceedings. Any disclosures of Prosecution Bar Materials to PTO Counsel or the PTO shall be done under MPEP §§ 724.02 and pursuant to all the applicable provisions of this Protective Order. When submitting any Prosecution Bar Materials to the PTO, as required by 37 CFR 1.17(g), PTO Counsel shall submit a petition under 37 CFR 1.59 and fee therefore, to be paid by the PTO Counsel (or its client), to expunge such Protected Matters from the file history record if the Protected Matters are found not to be material to patentability. PTO Counsel further agrees to take any reasonable actions requested by the disclosing party, at PTO Counsel's expense, to maintain the confidentiality of any Prosecution Bar Materials that PTO Counsel submits to the PTO, and nothing in this Protective Order shall prevent the disclosing party from seeking further relief directly from the PTO to maintain the confidentiality of any of their Prosecution Bar Materials submitted to the PTO by such PTO Counsel.

B.     Absent the written consent of the party producing the Prosecution Bar Materials in question, any attorney, patent agent, expert, consultant, paralegal, or clerical support staff for or representing a party to this litigation who accesses Prosecution Bar Materials shall not prosecute patent applications relating to the subject matter disclosed in the patents-in-suit, including without limitation the drafting, amending or supervision of the drafting or amending of patent claims, relating to such subject matter before any foreign or domestic agency, including the United States Patent and Trademark Office, to the extent that such patent applications would cover methods, apparatuses or systems disclosed in Prosecution Bar Materials actually disclosed to such individual.

C.     Nothing herein shall prevent or be construed as preventing any attorney, patent agent, expert, consultant, paralegal, or clerical support staff for or representing Plaintiff who accesses Prosecution Bar Materials, including Plaintiff's outside counsel of record, from (i) assisting PTO Counsel in defending the validity of existing claims of the patents-in-suit or any related patent, (ii) assisting PTO counsel in a reexamination or inter partes review proceeding, (iii) communicating with its clients or its client's PTO Counsel or patent prosecution counsel

regarding any disclosure of litigation materials mandated by the MPEP, the PTO, federal law, or as otherwise required to avoid a finding of inequitable conduct, or (iv) from assisting in a proceeding challenging the validity of any claims of the patent-in-suit or any related patent.

  D. This prohibition on patent prosecution shall begin when the affected individual first accesses a Prosecution Bar Materials and shall end one (1) year after conclusion of the litigation.

## 3. DISCLOSURE TO TECHNICAL ADVISERS

  A. Information designated by the producing party under any category of Protected Information and such copies of this information as are reasonably necessary for maintaining, defending, or evaluating this Action may be furnished and disclosed to the receiving party's technical advisers and their necessary support personnel. Technical advisers may not be a current officer, director, or employee of a party or of a competitor of a party, nor anticipated at the time of retention to become an officer, director, or employee of a party or of a competitor of a party. Without the express prior written consent of the Defendant the produced the Protected Information, no technical adviser retained by one Defendant in the consolidated actions shall have access to Protected Information produced by another Defendant.

  B. No disclosure of Protected Information to a technical adviser or their necessary support personnel shall occur until (1) that person has signed the form attached hereto as Attachment A, and a signed copy has been provided to the producing party; (2) that person agrees to access the Protected Information in the United States only, and will not transport them to or access them from any foreign jurisdiction; and (3) to the extent there has been an objection under Paragraph 3.C., that objection is resolved according to the procedures set forth below.

  C. A party desiring to disclose Protected Information to a technical adviser shall also give prior written notice of the intended disclosure by email to all counsel of record in this Action. The producing party shall have ten business days after such notice is given to object in writing to the disclosure. The party desiring to disclose Protected Information to a technical adviser must provide the following information for each technical adviser: the name, address, curriculum vitae, current employer, employment history for the past five years, a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding five years, and a identification of any patents or patent applications in which the technical adviser is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest.[1] No Protected Information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period and resolution of any objection.

  D. A party objecting to disclosure of Protected Information to a technical adviser shall state with particularity the ground(s) for the objection. The objecting party's consent to the disclosure of Protected Information to a technical adviser shall not be unreasonably withheld,

---

[1] To the extent a technical adviser believes that any of this information is subject to a confidentiality obligation to a third party, that technical advisor shall provide whatever information can be disclosed without violating any confidentiality agreements and take reasonable steps to seek permission to disclose the remaining information.

and its objection must be based on that party's good faith belief that disclosure of its Protected Information to the technical adviser will result in specific business or economic harm to that party.

   E. A party that receives a timely written objection must promptly meet and confer with the objecting party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement.  If after consideration of the objection, the party desiring to disclose the Protected Information to a technical adviser refuses to withdraw the technical adviser, that party shall provide notice to the objecting party.  Thereafter, the objecting party shall move the Court, within ten business days of receiving such notice, for a ruling on its objection.  A failure to file a motion within the ten business day period, absent an agreement of the parties to the contrary or for an extension of such ten business day period, shall operate as an approval of disclosure of Protected Information to the technical adviser.  The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

   F. The objecting party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Protected Information to the technical adviser.  This "good cause" shall include a particularized showing that: (i) the Protected Information is confidential commercial information, (ii) disclosure of the Protected Information likely would result in a clearly defined and serious injury to the objecting party's business, (iii) the proposed technical advisor is in a position to allow the Protected Information to be disclosed to or become known by the objecting party's competitors, and (iv) the technical advisor's access to Protected Information may create other confidentiality or legal risks in connection with other patent-related activities or interests tied to the technical advisor.

**4.** **CHALLENGES TO CONFIDENTIALITY DESIGNATIONS**

   A. The parties shall use reasonable care when designating documents or information as Protected Information.  Nothing in this Order shall prevent a receiving party from contending that any documents or information designated as Protected Information have been improperly designated.  A receiving party may at any time request that the producing party cancel or modify the Protected Information designation with respect to any document or information contained therein.

   B. A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the producing party, and shall identify with specificity the documents or information that the receiving party contends should be differently designated.  The producing party shall have at least ten (10) business days to review the confidentiality designation, reconsider the circumstances, and offer to change the designation, explain the justification for the chosen designation, and/or offer an alternative resolution.  The parties explicitly agree that a party's desire to prevent an officer, director or employee of a receiving party from reviewing a particular document shall be an acceptable justification for designating that document "CONFIDENTIAL OUTSIDE COUNSEL ONLY" instead of "CONFIDENTIAL."  The parties shall use their best efforts to resolve promptly and informally such disputes without Court intervention.  If an agreement cannot be reached, the receiving party shall request that the Court cancel or modify a

designation. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. The burden of demonstrating the confidential nature of any information shall at all times be and remain on the designating party.

      C.      Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order. No Party shall object to the filing of the challenged material with the Court under seal in order for the Court to resolve the matter.

**5.      LIMITATIONS ON THE USE OF PROTECTED INFORMATION**

      A.      All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this Action, shall not be used for any business purpose or in connection with any other legal proceeding, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. All produced Protected Information shall be carefully maintained at a location in the United States so as to preclude access by persons who are not entitled to receive such information. To ensure compliance with applicable United States Expert Administration Regulations, Protected Information may not be exported outside the United States or released to any foreign national (even if within the United States).

      B.      Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

      1.      A present director, officer, agent and/or employee of a producing party may be interviewed, examined, and may testify concerning all Protected Information which has been produced by that party and of which the witness has personal knowledge;

      2.      A former director, officer, agent and/or employee of a producing party may be interviewed, examined, and may testify concerning all Protected Information of which he or she has personal knowledge, including any Protected Information that refers to matters of which the witness has personal knowledge, which has been produced by that party, and which pertains to the period or periods of his or her employment; and

      3.      Non-parties may be examined or testify concerning any document containing Protected Information of a producing party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the producing party or a representative of the producing party. Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such information, unless the producing party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney must provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination.

       4.     All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as Protected Information, or which contain information so designated, shall be filed with an accompanying motion requesting the documents be filed under seal in a manner prescribed by the Court for such filings.  The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on Protected Information, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

       5.     Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this Action without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of Court, if they are not so retrieved.  No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record, or as otherwise provided for herein.  Notwithstanding the foregoing and with regard to material designated as RESTRICTED CONFIDENTIAL – SOURCE CODE, the provisions of Paragraph 1.C. are controlling to the extent those provisions differ from this paragraph.

       6.     Protected Information shall not be copied or otherwise produced by a receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court.  Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests, and analyses of CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for use in connection with this Action.  Such working copies, abstracts, digests and analyses shall be deemed Protected Information under the terms of this Order and subject to all of the terms and conditions of this Order.  Further, nothing herein shall restrict a qualified recipient from converting or translating CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information into machine readable form for incorporation into a data retrieval system used in connection with this Action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

       7.     At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY" by the reporter.  This request may be made orally during the deposition or in writing within fifteen (15) days of receipt of the final certified transcript.  Deposition transcripts shall be treated by default as CONFIDENTIAL OUTSIDE COUNSEL ONLY until the expiration of the time to make a confidentiality designation.  Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

**6.**     **NONPARTY USE OF THIS PROTECTIVE ORDER**

    A.     A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order.  The nonparty shall have thirty days after

production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

  B. A nonparty's use of this Protective Order to protect its Protected Information does not entitle that nonparty access to the Protected Information produced by any party in this Action.

## 7. NO WAIVER OF PRIVILEGE

Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity. If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity. Any party that inadvertently produces materials protected the attorney-client privilege, work product privilege, or other privilege, doctrine, right, or immunity may obtain the return of those materials by promptly notifying the recipient(s) and providing a privilege log for the inadvertently produced materials. The recipient(s) shall gather and return all copies of the privileged material to the producing party, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the producing party. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.

## 8. MISCELLANEOUS PROVISIONS

  A. There shall be no disclosure of any Protected Information by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

  B. The Order applies to pretrial discovery. Subject to the restrictions in Paragraph 1.D., above, nothing in this Order shall be deemed to prevent the Parties from introducing any Protected Information into evidence at the trial of this Action, or from using any information contained in Protected Information at the trial of this Action, subject to any pretrial order issued by this Court.

  C. Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the attorney-in-charge for the party against whom such waiver will be effective.

  D. Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one or more of the three categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment. With respect to documents, the producing party shall, as soon as reasonably possible after discovery, notify the other parties of the error in writing and

provide replacement pages bearing the appropriate confidentiality legend.  After receiving the replacement pages, the receiving party shall then destroy all copies of the inadvertently or unintentionally produced Protected Information and any documents, information, or material derived from or based thereon. In the event of any disclosure of Protected Information other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form.  Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.

   E.  The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information, and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

   F.  Within ninety (90) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each signatory to this Order or a copy of the included Attachment A shall, at the option of the producing party, either return or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes, pleadings, motions, trial briefs, transcripts, expert reports, and other work product materials, which contain or refer to any category of Protected Information.  All Protected Information not embodied in physical objects and documents shall remain subject to this Order.  In the event that a party is dismissed before the entry of a final non-appealable judgment or order, this same procedure shall apply to any Protected Information received from or produced to the dismissed party.  Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.  In addition, outside counsel may retain one set of pleadings, correspondence and attorney and technical adviser work product (but not document productions) for archival purposes, but must return any pleadings, correspondence, and technical adviser work product that contain Source Code.  If a receiving party destroys any physical objects or documents which embody Protected Information (including CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – SOURCE CODE information) it has received pursuant to this provision, the party must provide a Certificate of Destruction to the producing party.

   G.  If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such documents and to its counsel and shall provide each such party with an opportunity to object to the production of such documents.  If a producing party does not take steps to prevent disclosure of such documents within ten business

15

days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

       H.      Testifying experts shall not be subject to discovery of any draft of their reports in this Action and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this Action are exempt from discovery. In addition, all communications between counsel for a party and that party's testifying expert, and all materials generated by a testifying expert with respect to that person's work, are exempt from discovery unless they relate to the expert's compensation or identify facts, data, or assumptions relied upon by the expert in forming an opinion in this Action and such information is not already disclosed in the expert's report. Notwithstanding this provision, a party may seek discovery as to which materials were considered by or provided to a testifying expert in forming an opinion in this Action.

       I.      No party shall be required to identify on its respective privilege log any document or communication dated on or after the filing of the lawsuit, which, absent this provision, the party would have been obligated to so identify on said privilege log. The parties shall exchange their respective privilege logs at a time to be agreed upon by the parties following the production of documents.

       J.      Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

       K.      This Order is entered without prejudice to the right of any party to file a motion with the Court at any time to: (i) modify this Order to allow disclosure of Protected Information to additional persons or entities if reasonably necessary to prepare and present this Action; and (ii) to apply for additional protection of Protected Information. Furthermore, without application to this Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

       L.      The United States District Court for the Eastern District of Texas is responsible for the interpretation and enforcement of this Order. After termination of this Action, the provisions of this Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provision of this Order following termination of this Action. All disputes concerning Protected Information produced under the protection of this Order shall be resolved by the United States District Court for the Eastern District of Texas.

       M.      Nothing in this Protective Order shall preclude or impede outside litigation counsel of record's ability to communicate with or advise their client in connection with this Action only based on such counsel's review and evaluation of Protected Information, provided

however, that such communications or advice shall not disclose or reveal the substance or content of any Protected Information other than as permitted under this Protective Order.

      N.    Each of the parties agrees to be bound by the terms of this Protective Order as of the date counsel for such party executes this Protective Order, even if prior to entry of this order by the Court.

**SIGNED this 24th day of January, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

17

# ATTACHMENT A TO THE AGREED PROTECTIVE ORDER
# CONFIDENTIAL AGREEMENT

1. My name is _____.

2. I reside at _____.

3. My current employer is _____.

4. My current occupation or job description is _____.

5. I have read the Agreed Protective Order dated _____, 2013, and have been engaged as _____ on behalf of _____ in the preparation and conduct of litigation styled *Mobile Telecommunications Technologies, LLC v. Sprint Nextel Corp.*, Civil Action No. 2:12-CV-00832-JRG-RSP , consolidated with *Mobile Telecommunications Technologies, LLC v. Samsung Telecommunications America, LLC*, Civil Action No. 2:13-CV-00259-JRG-RSP.

6. I am fully familiar with and agree to comply with and be bound by the provisions of said Order.  I understand that I am to retain all copies of any documents designated as CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY and/or RESTRICTED CONFIDENTIAL – SOURCE CODE, or any similar designation, in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any information designated CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY and/or RESTRICTED CONFIDENTIAL – SOURCE CODE, or any similar designation, are to be returned to counsel who provided me with such material.

7. I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order.  I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

8. In accordance with Paragraph 3.C. of the Agreed Protective Order (if applicable), I have attached my resume, curriculum vitae, or other information to this executed Confidentiality Agreement sufficient to identify: my current employer and employment history for the past ten years; the cases in which I have testified as an expert at trial or by deposition within the preceding five years; and any patents or patent applications in which I am identified as an inventor or applicant, am involved in prosecuting or maintaining, or have a pecuniary interest.

9. I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Texas for the purpose of enforcement of the Order in this action.

10. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____

Executed on _____, 20____.