**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § § | Case No. 2:12-cv-832-JRG-RSP |
| v. | § § | (Lead Case) |
| SPRINT NEXTEL CORPORATION, | § § | |
| Defendant. | § § | |

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 2:13-cv-259-JRG-RSP |
| SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, | § § § | |
| Defendant. | § § | |

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 2:13-cv-258-JRG-RSP |
| APPLE INC., | § § | |
| Defendant. | § § § | |

<u>**SAMSUNG TELECOMMUNICATIONS AMERICA, LLC'S
ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS**</u>

Defendant Samsung Telecommunications America, LLC ("Samsung") responds[1] to Plaintiff Mobile Telecommunications Technologies, LLC's ("MTEL") Complaint as follows:

## THE PARTIES

1.      Plaintiff MTEL is a Delaware corporation with its principal place of business at 1720 Lakepointe Drive, Suite 100 Lewisville, TX 75057.

**Answer:**  Samsung is without sufficient knowledge or information to admit or deny the allegations in paragraph 1 of the Complaint, and therefore denies them.

2.      MTEL owns a portfolio of patents developed by Mobile Telecommunication Technologies Corp. ("MTEL Corp.") and its related entities, such as Destineer and SkyTel Communications.

**Answer:**  Samsung is without sufficient knowledge or information to admit or deny the allegations in paragraph 2 of the Complaint, and therefore denies them.

3.      MTEL Corp. was a pioneer in wireless communications and is credited with launching the world's first two-way wireless paging service, dubbed SkyTel 2-Way.

**Answer:**  Samsung is without sufficient knowledge or information to admit or deny the allegations in paragraph 3 of the Complaint, and therefore denies them.

4.      Samsung Telecommunications America, LLC, is wholly owned by Samsung Electronics Company, Ltd. and is a limited liability company duly organized and existing under the laws of the state of Delaware, with its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75082.  Samsung may be served with process by serving Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

---

[1] Defendant does not waive its Motion to Dismiss (Case No. 2:13-cv-00259-JRG-RSP, Dkt. No. 11) by filing this Answer, and files this Answer subject to that Motion. *See Brunig v. Clark*, 560 F. 3d 292, 294 (5th Cir. 2009) ("In accordance with the Rule, [defendants] filed their motion to dismiss before their answer and they were not obligated to wait to answer until the court had ruled on the motion.").

**Answer:**  Samsung admits it is a Delaware limited liability company and has a place of business at 1301 East Lookout Drive, Richardson, Texas 75082.  Except as expressly admitted, Samsung denies the allegations of paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**Answer:**  Samsung admits that MTEL's complaint purports to state a claim for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code, but denies any such patent infringement as alleged by MTEL.  Samsung does not contest that the Court has subject matter jurisdiction over MTEL's claim for patent infringement.  For purposes of this action only, Samsung does not contest that venue is proper in this district, but denies that this venue is the most convenient venue for this action.  Except as expressly admitted or denied, Samsung denies the allegations in paragraph 5 of the Complaint.

6.      This Court has personal jurisdiction over Samsung under the laws of the State of Texas, including the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE § 17.042.

**Answer:**  For purposes of this action only, Samsung does not contest that this Court has personal jurisdiction over it.  Except as expressly admitted, Samsung denies the allegations in paragraph 6 of the Complaint.

7.      Plaintiff incorporates all statements of jurisdiction in the preceding paragraphs. In addition to the continuous and systematic contacts that Samsung has with Texas, including the principal office of Samsung Telecommunications America, LLC, in Texas, and the multi-billion

dollar investment Samsung has made into manufacturing in Texas, the causes of action against Samsung in this Complaint arise from or are connected with purposeful acts committed by Samsung in Texas.  Samsung has conducted and continues to conduct business within the State of Texas, directly or through intermediaries or agents, or offers for sale, sells, or advertises (including through the provision of interactive web pages) products or services, or uses or induces others to use products or services in Texas that infringe the '428 Patent, the '946 Patent, and the '506 Patent, or knowingly contributes to or induces infringement of the '428 Patent, the '946 Patent, and the '506 Patent.

**Answer:**  Samsung repeats and incorporates by reference its responses contained in paragraphs 1 through 6 of the Complaint as if fully set forth herein.  Samsung admits that it has an office in Texas and conducts business within Texas.  Except as expressly admitted, Samsung denies the allegations in paragraph 7 of the Complaint.

## THE PATENTS-IN-SUIT

8.       On September 15, 1998, the United States Patent and Trademark ("USPTO") duly and legally issued United States Patent No. 5,809,428, titled "Method and Device for Processing Undelivered Data Messages in a Two-Way Wireless Communications System," after a full and fair examination.  A true and correct copy of the '428 Patent is attached hereto as Exhibit A. Plaintiff is the assignee of all right, title and interest in and to the '428 Patent and possesses the exclusive right of recovery under the '428 Patent, including the exclusive right to recover for past and future infringement of the '428 Patent. The '428 Patent is valid and enforceable.

**Answer:**  Samsung admits that a purported copy of U.S. Patent No. 5,809,428 ("the '428 patent") is attached as Exhibit A to the Complaint.  Samsung also admits that the '428 patent is entitled "Method and Device for Processing Undelivered Data Messages in a Two-Way Wireless

4

Communications System" and appears on its face to have issued on September 15, 1998. Samsung denies that the '428 patent is lawfully issued, valid, and enforceable.  Except as expressly admitted or denied, Samsung is without sufficient knowledge or information to admit or deny the allegations in paragraph 8 of the Complaint, and therefore denies them.

9.     The '428 Patent claims, *inter alia*, methods, systems, and devices for storing undeliverable messages, such as e-mail and SMS messages.

**Answer:**  Samsung is without sufficient knowledge or information to admit or deny the allegations in paragraph 9 of the Complaint, and therefore denies them.

10.     On May 19, 1998, the USPTO duly and legally issued United States Patent No. 5,754,946 titled "Nationwide Communication System," after a full and fair examination.  A true and correct copy of the '946 Patent is attached hereto as Exhibit B.  Plaintiff is the assignee of all right, title and interest in and to the '946 Patent and possesses the exclusive right of recovery under the '946 Patent, including the exclusive right to recover for past and future infringement of the '946 Patent.  The '946 Patent is valid and enforceable.

**Answer:**  Samsung admits that a purported copy of U.S. Patent No. 5,754,946 ("the '946 patent") is attached as Exhibit B to the Complaint. Samsung also admits that the '946 patent is entitled "Nationwide Communication System" and appears on its face to have issued on May 19, 1998.  Samsung denies that the '946 patent is lawfully issued, valid, and enforceable.  Except as expressly admitted or denied, Samsung is without sufficient knowledge or information to admit or deny the allegations in paragraph 10 of the Complaint, and therefore denies them.

11.     The '946 Patent claims, *inter alia*, devices and networks that provide for the transmission of unreceived portions of a message.

**Answer:**  Samsung is without sufficient knowledge or information to admit or deny the

allegations in paragraph 11 of the Complaint, and therefore denies them.

12.     On April 13, 1999, the USPTO duly and legally issued United States Patent No. 5,894,506 titled "Method and Apparatus for Generating and Communicating Messages Between Subscribers to an Electronic Messaging Network," after a full and fair examination.  A true and correct copy of the '506 Patent is attached hereto as Exhibit C.  Plaintiff is the assignee of all right, title and interest in and to the '506 Patent, including the exclusive right to recover for past and future infringement of the '506 Patent.  The '506 Patent is valid and enforceable.

**Answer:**  Samsung admits that a purported copy of U.S. Patent No. 5,894,506 ("the '506 patent") is attached as Exhibit C to the Complaint. Samsung also admits that the '506 patent is entitled "Method and Apparatus for Generating and Communicating Messages Between Subscribers to an Electronic Messaging Network" and appears on its face to have issued on April 13, 1998.  Samsung denies that the '506 patent is lawfully issued, valid, and enforceable. Except as expressly admitted or denied, Samsung is without sufficient knowledge or information to admit or deny the allegations in paragraph 12 of the Complaint, and therefore denies them.

13.     The '506 Patent claims, *inter alia*, an electronic messaging network comprising an network operations center and message terminals, including memory for storing files of canned messages and associated message codes, which improves message compression and conserves communications link capacity.

**Answer:**  Samsung is without sufficient knowledge or information to admit or deny the allegations in paragraph 13 of the Complaint, and therefore denies them.

## INFRINGEMENT OF THE PATENTS-IN-SUIT

14.     Plaintiff reincorporates Paragraphs 1 through 13 as though fully restated herein.

**Answer:**   Samsung repeats and incorporates by reference its responses contained in

paragraphs 1 through 13 of the Complaint as if fully set forth herein.

15.    Samsung, without authorization or license, has been and is now directly and/or indirectly infringing multiple claims of the '428 Patent, the '946 Patent, and the '506 Patent (together, the "Patents-in-Suit"), in violation of 35 U.S.C. § 271 as stated below.  Samsung's infringement has been willful at least since its knowledge of the Patents-in-Suit.

**Answer:**  Samsung denies the allegations in paragraph 15 of the Complaint.

16.    Samsung's customers are likewise direct infringers of the Patents-in-Suit when Samsung's customers use Samsung's products and services.

**Answer:**  Samsung denies the allegations in paragraph 16 of the Complaint.

## INFRINGEMENT OF U.S. PATENT NO. 5,809,428

17.    Samsung has directly infringed and will continue to directly infringe claims of the '428 Patent by making, using, selling, offering to sell, and/or importing in the United States networks that provide Samsung's ChatON communication service and other messaging services, including MMS text messaging services, XMPP-based messaging services and email services such as Hotmail and Microsoft Exchange and other email and messaging solutions and apps provided by or through Samsung's App Store or the Google Play App Store (collectively, "Messaging Services").  The networks include one or more Messaging Services network operations centers provided by or through Samsung's mobile units that embody or practice the method of at least one claim of the '428 Patent.  Samsung's mobile units with Messaging Services include without limitation the Samsung "Galaxy" series of mobile devices.

**Answer:**  Samsung denies the allegations in paragraph 17 of the Complaint.

18.    Samsung directly infringes and will continue to directly infringe claims of the '428 Patent by importing, making, or selling in the United States mobile units compatible with

Messaging Services that embody the claims of the '428 Patent and/or practice the methods of the '428 Patent. Infringing mobile units with compatible Messaging Services include without limitation Samsung-branded mobile phones and tablets, (*e.g.*, the Samsung "Galaxy" series of mobile devices).

**Answer:**  Samsung denies the allegations in paragraph 18 of the Complaint.

19.     End users use infringing mobile units enabled by Messaging Services and such mobile units embody claims of the '428 Patent and/or practice methods of the '428 Patent.  Such use by the end users is direct patent infringement of the '428 Patent.  Samsung has and will continue to contribute to and induce the infringement of end users by instructing and otherwise encouraging infringement and by providing infringing mobile units and compatible Messaging Services preinstalled and for installation after activation of Samsung-branded mobile devices. The Messaging Services and mobile devices have features relevant to the end users' direct infringement that have no substantially non-infringing uses other than to operate and perform as claimed in the '428 Patent.  The Samsung-branded mobile devices are specially enabled for utilizing the Messaging Services.  Samsung encourages end users to use the Messaging Services and intends the end users to use its Samsung-branded mobile units enabled with at least one Messaging Service as contemplated by the claims of the '428 Patent.

**Answer:**  Samsung denies the allegations in paragraph 19 of the Complaint.  For the reasons discussed in Samsung's pending Motion to Dismiss (Case No. 2:13-cv-00259-JRG-RSP, Dkt. No. 11), the Complaint fails to state a claim for indirect infringement under Federal Rule of Civil Procedure 12(b)(6).

20.     Samsung has had knowledge of the '428 Patent since at least the filing of this action or its service.

**Answer:**  Samsung admits it become aware of the existence of the '428 patent when it was served with the Complaint.  Except as expressly admitted, Samsung denies the allegations in paragraph 20 of the Complaint.  For the reasons discussed in Samsung's pending Motion to Dismiss (Case No. 2:13-cv-00259-JRG-RSP, Dkt. No. 11), the Complaint fails to state claims for indirect and willful infringement under Federal Rule of Civil Procedure 12(b)(6).

## INFRINGEMENT OF U.S. PATENT NO. 5,754,946

21.    Samsung directly infringes and will continue to directly infringe by making, using, selling, offering to sell, and/or importing software and equipment in the United States mobile devices using the Android operating system that embody claims and/or practice the methods of the '946 Patent, including but not limited to all versions of the Samsung "Galaxy" series of mobile devices and compatible Messaging Services.

**Answer:**  Samsung denies the allegations in paragraph 21 of the Complaint.

22.    End users with mobile devices utilizing the Android operating system Messaging Services on Samsung's mobile units, such as the Samsung "Galaxy" series of mobile devices, are direct infringers of the claims of the '946 Patent by using mobile units that infringe the claims of the '946 Patent.  Samsung has and will continue to contribute to and induce the infringement of end users by instructing and otherwise encouraging infringement by end users by providing manuals and similar instructions on the operation of its mobile units and compatible Messaging Services.  Samsung instructs end users on ways and methods of retrieving portions of email and other messages.  The messaging features utilized by the mobile units to infringe the '946 Patent have no substantial non-infringing uses other than to operate as claimed in the '946 Patent.  Samsung intends the end users to use the infringing mobile devices as contemplated by the '946 Patent.

**Answer:**  Samsung denies the allegations in paragraph 22 of the Complaint.  For the reasons discussed in Samsung's pending Motion to Dismiss (Case No. 2:13-cv-00259-JRG-RSP, Dkt. No. 11), the Complaint fails to state a claim for indirect infringement under Federal Rule of Civil Procedure 12(b)(6).

23.    Samsung has had knowledge of the '946 patent since at least the filing of this action or its service.

**Answer:**  Samsung admits it become aware of the '946 patent when it was served with the Complaint.  Except as expressly admitted, Samsung denies the allegations in paragraph 23 of the Complaint.  For the reasons discussed in Samsung's pending Motion to Dismiss (Case No. 2:13-cv-00259-JRG-RSP, Dkt. No. 11), the Complaint fails to state claims for indirect and willful infringement under Federal Rule of Civil Procedure 12(b)(6).

## INFRINGEMENT OF U.S. PATENT NO. 5,894,506

24.    Samsung directly infringes and will continue to directly infringe by making, using, selling, offering to sell, and/or importing in the United States Samsung mobile units including cell phones, tablets, and laptops (*e.g.*, the Samsung "Galaxy" series of mobile devices) that embody claims and practice methods of the '506 Patent ("Templated Message Services and Equipment").  Upon information and belief, Samsung's Templated Message Services and Equipment have or transmit templated messages such as meeting requests within calendar functions and are capable of sending other templated messages that infringe the claims of the '506 Patent.

**Answer:**  Samsung denies the allegations in paragraph 24 of the Complaint.

25.    End users of Samsung's Templated Message Services and Equipment are direct infringers of the claims of the '506 Patent. Samsung has and will continue to contribute to and

induce the infringement of others of claims of the '506 Patent by instructing and otherwise encouraging infringement of end users by providing manuals and similar instructions on the operation of the Templated Message Services and Equipment.  By example, Samsung instructs end users on how to use the calendar features of the device and how to send and receive meeting requests.  The material infringing features of Templated Message Services and Equipment have no substantial non-infringing uses other than to operate as claimed in the '506 Patent.

**Answer:**  Samsung denies the allegations in paragraph 25 of the Complaint.  For the reasons discussed in Samsung's pending Motion to Dismiss (Case No. 2:13-cv-00259-JRG-RSP, Dkt. No. 11), the Complaint fails to state a claim for indirect infringement under Federal Rule of Civil Procedure 12(b)(6).

26.    Samsung has had knowledge of the '506 Patent since at least the filing of this action or its service.

**Answer:** Samsung admits it become aware of the '506 patent when it was served with the Complaint.  Except as expressly admitted, Samsung denies the allegations in paragraph 26 of the Complaint.  For the reasons discussed in Samsung's pending Motion to Dismiss (Case No. 2:13-cv-00259-JRG-RSP, Dkt. No. 11), the Complaint fails to state claims for indirect and willful infringement under Federal Rule of Civil Procedure 12(b)(6).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A.    That Samsung be adjudged to have infringed the Patents-in-Suit, directly and indirectly, by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents;

B.    That Samsung, its officers, agents, servants, employees, attorneys, and those

persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly or indirectly infringing the Patents-in-Suit;

C.     That Plaintiff be awarded damages sufficient to compensate Plaintiff for Samsung's infringement, pursuant to 35 U.S.C. § 284;

D.     That Samsung be directed to pay Plaintiff pre-judgment and post-judgment interest and costs for Plaintiff bringing this lawsuit, in accordance with 35 U.S.C. § 284;

E.     That Samsung be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

F.     That Plaintiff receive such other and further relief as this Court may deem just and proper.

**Answer:**   The remaining allegations are part of a prayer for relief that do not require admissions or denials by Samsung.  Any allegations of the Complaint not hereinabove admitted, denied, or explained are denied, and Samsung specifically denies that MTEL is entitled to any relief whatsoever against Samsung, including any of the relief sought in its prayer for relief against Samsung.

## AFFIRMATIVE AND OTHER DEFENSES

Pursuant to Federal Rules of Civil Procedure 8(b) and (c), without assuming any burden that it would not otherwise bear, without reducing or removing MTEL's burdens of proof on its affirmative claims against Samsung, reserving its right to assert additional defenses and/or affirmative defenses, and solely to the extent deemed necessary by the Court to maintain any and all of the following defenses, Samsung asserts the following defenses to MTEL's Complaint. Samsung expressly reserves the right to assert any other defenses that may now exist or in the future may be available based on discovery and further factual investigation in this case.

12

**FIRST DEFENSE**
**(Non-Infringement)**

27.     Samsung has not infringed any claim of the '428 patent directly, by inducing others to infringe, or contributing to infringement by others, either literally or under the doctrine of equivalents.

28.     Samsung has not infringed any claim of the '946 patent directly, by inducing others to infringe, or contributing to infringement by others, either literally or under the doctrine of equivalents.

29.     Samsung has not infringed any claim of the '506 patent directly, by inducing others to infringe, or contributing to infringement by others, either literally or under the doctrine of equivalents.

**SECOND DEFENSE**
**(Invalidity, Unenforceability)**

30.     Each of the claims of the '428 patent is invalid and/or unenforceable for failing to comply with one or more of the requirements for patentability under the Patent Laws of the United States set forth in 35 U.S.C. §§ 101, *et seq*., including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and 282.   Samsung incorporates by reference its invalidity contentions served on November 8, 2013.

31.     Each of the claims of the '946 patent is invalid and/or unenforceable for failing to comply with one or more of the requirements for patentability under the Patent Laws of the United States set forth in 35 U.S.C. §§ 101, *et seq*., including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and 282.   Samsung incorporates by reference its invalidity contentions served on November 8, 2013.

32.     Each of the claims of the '506 patent is invalid and/or unenforceable for failing to comply with one or more of the requirements for patentability under the Patent Laws of the

United States set forth in 35 U.S.C. §§ 101, *et seq*., including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and 282.  Samsung incorporates by reference its invalidity contentions served on November 8, 2013.

### THIRD DEFENSE
### (Notice, Damages, and Costs)

33.     MTEL's recovery for alleged infringement of the '428 patent is limited to any alleged infringement committed no more than six years prior to the filing of its Complaint, pursuant to 35 U.S.C. § 286.

34.     MTEL's recovery for alleged infringement of the '946 patent is limited to any alleged infringement committed no more than six years prior to the filing of its Complaint, pursuant to 35 U.S.C. § 286.

35.     MTEL's recovery for alleged infringement of the '506 patent is limited to any alleged infringement committed no more than six years prior to the filing of its Complaint, pursuant to 35 U.S.C. § 286.

36.     To the extent MTEL failed to comply with the notice provisions of 35 U.S.C. § 287, MTEL may not recover damages for alleged infringement committed prior to the filing of its Complaint.

37.     MTEL is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

### FOURTH DEFENSE
### (Failure to State a Claim)

38.     With respect to each purported claim for relief alleged in the Complaint, MTEL fails to allege facts sufficient to state a claim against Samsung upon which relief may be granted. For example, and without limitation, for the reasons discussed in Samsung's pending Motion to Dismiss (Case No. 2:13-cv-00259-JRG-RSP, Dkt. No. 11), the Complaint fails to state claims for

indirect and willful infringement under Federal Rule of Civil Procedure 12(b)(6).

## FIFTH DEFENSE
### (Not an Exceptional Case)

39.     MTEL cannot prove that this is an exceptional case justifying an award of attorney fees against Samsung pursuant to 35 U.S.C. § 285.

## SIXTH DEFENSE
### (No Injunctive Relief)

40.     MTEL is not entitled to injunctive relief because any alleged injury to MTEL is not immediate or irreparable, MTEL has an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief.

## SEVENTH DEFENSE
### (Prosecution History Estoppel)

41.     MTEL is estopped from construing any valid claim of the '428 patent to cover or include, either literally or by application of the doctrine of equivalents, any of Samsung's products or processes because of statements made to the U.S. Patent and Trademark Office during the prosecution of applications that led to the issuance of the '428 patent.

42.     MTEL is estopped from construing any valid claim of the '946 patent to cover or include, either literally or by application of the doctrine of equivalents, any of Samsung's products or processes because of statements made to the U.S. Patent and Trademark Office during the prosecution of applications that led to the issuance of the '946 patent.

43.     MTEL is estopped from construing any valid claim of the '506 patent to cover or include, either literally or by application of the doctrine of equivalents, any of Samsung's products or processes because of statements made to the U.S. Patent and Trademark Office during the prosecution of applications that led to the issuance of the '506 patent.

## EIGHTH DEFENSE
### (Equitable Defenses)

15

44.     MTEL's claims are barred in whole or in part under the equitable doctrines of laches, estoppel, waiver, acquiescence, and/or unclean hands.

## NINTH DEFENSE
### (Express License, Implied License, and/or Patent Exhaustion)

45.     MTEL's claims for patent infringement are precluded in whole or in part under the doctrines of express license, implied license, and/or patent exhaustion to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to Samsung by any entity or entities with authorization and/or license, under one or more of the patents-in-suit, to do so.

## COUNTERCLAIMS

Samsung Telecommunications America, LLC ("Samsung") brings these counterclaims against Mobile Telecommunications Technologies, LLC ("MTEL"), alleging as follows:

## PARTIES

46.     Samsung Telecommunications America LLC is a Delaware limited liability company with a place of business at 1301 East Lookout Drive, Richardson, Texas 75082.

47.     MTEL has alleged that it is a Delaware corporation with its principal place of business at 1720 Lakepointe Drive, Suite 100 Lewisville, TX 75057.

## JURISDICTION AND VENUE

48.     These counterclaims arise under the Patent Laws of the United States, 35 U.S.C. §§ 101 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

49. This Court has personal jurisdiction over MTEL because, *inter alia*, MTEL has submitted to the jurisdiction of this Court by filing suit in this district and purposefully availing itself of the benefits and protections of the laws of the district.

50. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), and by virtue of MTEL asserting a claim for patent infringement in this district in response to which these counterclaims are asserted.

## COUNT I
### (Declaratory Judgment of Non-Infringement)

51. Samsung repeats and incorporates by reference the allegations set forth in paragraphs 46 through 50 above as if fully set forth herein.

52. MTEL alleges that Samsung infringes one or more claims of United States Patent Nos. 5,809,428; 5,754,946; and 5,894,506 (together, the "Patents-in-Suit") under 35 U.S.C. § 271.

53. Samsung has not and does not directly or indirectly infringe, contribute to, or induce infringement of any claim of the Patents-in-Suit, either literally or under the doctrine of equivalents.

54. An actual controversy exists between MTEL and Samsung over the alleged infringement of the Patents-in-Suit.

55. Samsung is entitled to judgment from this Court that it has not and does not directly infringe, contribute to, or induce infringement of any valid, enforceable claim of the Patents-in-Suit, either literally or under the doctrine of equivalents.

56. This is an exceptional case entitling Samsung to an award of its attorney fees incurred in connection with this action under 35 U.S.C. § 285.

## COUNT II

17

**(Declaratory Judgment of Invalidity and/or Unenforceability)**

57.     Samsung repeats and incorporates by reference the allegations set forth in paragraphs 46 through 56 above as if fully set forth herein.

58.     By implication of MTEL's allegations that Samsung infringes one or more claims of the Patents-in-Suit under 35 U.S.C. § 271, MTEL contends that the Patents-in-Suit are valid and enforceable.

59.     Each of the claims of Patents-in-suit is invalid and/or unenforceable for failing to comply with one or more of the requirements for patentability under the Patent Laws of the United States as set forth in 35 U.S.C. §§ 101, *et seq*., including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and 282.   Samsung incorporates by reference its invalidity contentions served on November 8, 2013.

60.     An actual controversy exists between MTEL and Samsung regarding the invalidity and/or unenforceability of the Patents-in-Suit.

61.     Samsung is entitled to a declaratory judgment that the claims of the Patents-in-Suit are invalid and/or unenforceable.

62.     This is an exceptional case entitling Samsung to an award of its attorney fees incurred in connection with this action under 35 U.S.C. § 285.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Samsung requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Samsung respectfully requests that the Court enter an Order and Judgment:

18

A.      Dismissing MTEL's claims against Samsung with prejudice;

B.      Denying all relief sought by MTEL;

C.      Declaring that Samsung has not infringed and is not infringing any claim of the Patents-in-Suit;

D.      Declaring the Patents-in-Suit invalid and/or unenforceable;

E.      Declaring this case exceptional under 35 U.S.C. § 285;

F.      Awarding Samsung its costs, attorney fees, and expenses incurred in defending against MTEL's Complaint; and

G.      Awarding Samsung such other and further relief as the Court deems just and proper.

Dated: January 24, 2014                         Respectfully submitted,

                                                By:   _/s/ J. Rick Taché_____
                                                      J. Rick Taché
                                                      California Bar No. 195100
                                                      Shaun A. Hoting (admitted pro hac vice)
                                                      Jenny S. Kim (admitted pro hac vice)
                                                      GREENBERG TRAURIG, LLP
                                                      3161 Michelson Drive, Suite 1000
                                                      Irvine, CA  92612
                                                      Telephone: (949) 732-6500
                                                      Facsimile: (949) 732-6501
                                                      Email:   tacher@gtlaw.com
                                                               hotings@gtlaw.com
                                                               kimje@gtlaw.com

                                                      Joshua L. Raskin
                                                      Kate Hutchins
                                                      GREENBERG TRAURIG, LLP
                                                      MetLife Building
                                                      200 Park Avenue
                                                      New York, NY 10166
                                                      Telephone: (212) 801-9200
                                                      Facsimile: (212) 801-6400
                                                      Email:   raskinj@gtlaw.com

hutchinsk@gtlaw.com

**ATTORNEYS FOR DEFENDANT
SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC**

<u>**CERTIFICATE OF SERVICE**</u>

I, J. Rick Taché, hereby certify that on January 24, 2014, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

By:   */s/ J. Rick Taché*
          J. Rick Taché