IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § | |
| v. | § § | CASE NO. 2:12-CV-832-JRG-RSP |
| SPRINT NEXTEL CORP. | § § § | |
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § § | |
| v. | § § | CASE NO. 2:13-CV-258-JRG-RSP |
| APPLE INC. | § § § | |
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § § | |
| v. | § § | CASE NO. 2:13-CV-259-JRG-RSP |
| SAMSUNG TELECOMMUNICATIONS AMERICA, LLC. | § § § § | |

**ORDER**

Before the Court is Apple, Inc.'s ("Apple") Motion to Strike Mobile Telecommunications Technologies, LLC's ("MTEL") Infringement Contentions (Dkt. 70, the "Motion"). Apple contends that MTEL's infringement contentions do not meet the requirements set forth by Local Patent Rule 3-1, which requires in part "[a] chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality."

This district's Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007).

Case 2:12-cv-00832-RSP Document 153 Filed 04/25/14 Page 2 of 5 PageID #: 4442

P.R. 3-1 requires a party asserting infringement to serve infringement contentions "set[ting] forth specific theories of infringement at the outset of the case." *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 817 (E.D. Tex. 2006). P.R. 3-1 further requires contentions that identify "particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patent[s] themselves." *DataTreasury Corp. v. Wells Fargo & Co.*, C.A. No. 2:06-CV-72-DF, 2010 U.S. Dist. LEXIS 110658, at *21 (E.D. Tex. Sep. 13, 2010) (citing *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004)). Notice is the core function of P.R. 3-1 contentions—including contentions made under P.R. 3.1(g)—and although such "contentions must be reasonably precise and detailed . . . they need not meet the level of detail required, for example, on a motion for summary judgment on the issue of infringement." *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-144, 2009 U.S. Dist. LEXIS 73217, 2009 WL 2590101, at *5 (E.D. Tex. 2009).

    *1. Identification of "Transmitter" and "Base Transmitter"*

Apple first challenges MTEL's alleged failure to identify a "transmitter" and "base transmitter" in its infringement contentions. (Mot. at 5.) MTEL responds and states that its statements that "[t]he process of tracking information at one input stage and getting out radiated waveform at an output stage is transmission" and "[t]he process is performed by transmitters," among others, suffice as putting MTEL on notice as to its infringement theory. The Court observes that the issuance of the Claim Construction Order will provide guidance as to this issue, and directs MTEL to carefully review that Order and amend its "transmitter" and "base transmitter" infringement contentions. The Court **GRANTS IN PART** the Motion to the limited extent that MTEL shall amend its infringement contentions no later than 14 days after the

issuance of the claim construction opinion in this case to more clearly set forth its positions on the "transmitter" and "base transmitter" limitations.

### 2. *Apple's Alleged Use of XMPP Standard*

Apple next challenges MTEL's infringement contentions because those contentions take the position that Apple's services utilize XMPP, when Apple (implicitly) contends that they do not (and instead utilize a proprietary protocol).  This challenge fails for a number of reasons.  First, Apple's challenge not on the basis that they are not on notice of MTEL's theory of infringement, but instead on the basis that the theory is factually flawed because Apple "do[es] not utilize XMPP" – an issue clearly not appropriate for disposition on a Motion to Strike Infringement Contentions.  (Mot. at 3.)  Additionally, the Court observes that the Motion was filed before MTEL had received information about the proprietary technologies utilized by Apple through the discovery process.  It is unsurprising that MTEL was forced to rely on publicly available information in its initial contentions, and equally unsurprising that Apple disputes the accuracy of this public information.  Further, it is unclear how Apple contends that MTEL (or any party, for that matter) could draft infringement contentions setting forth, in great detail, the differences between Apple's proprietary technology and similarly operating standards long before information regarding the proprietary technology is produced to MTEL.  The burden is on Apple to produce documents and information about the protocols it actually uses, and at that point, MTEL will be obligated – if necessary – to alter its positions to take into account newly discovered information.  Accordingly, the Court **DENIES** the Motion on these grounds.

### 3. *Notice Regarding "Displayed Message"*

Apple next contends that it is not on notice as to the meaning of "displayed message" or the "portion of the displayed message." (Mot. at 10-12.)  MTEL responds by stating that the

displayed message is the "displayed calendar" and "selecting the portion of the displayed message" constitutes a number of actions, including the user selecting the pictured refresh button. (Dkt. 89 at 7-8.) MTEL's amended contentions appear to the Court to contain sufficient detail to serve as fair notice to Apple. It is understood that Apple disagrees with MTEL's position, as set forth in its reply, but the Court declines to rule on a factual question of infringement simply because it is framed as a Motion to Strike. (*See* Dkt. 100 at 4.) Accordingly, the Court **DENIES** the Motion on these grounds.

        *4. Notice Regarding "Wireless Page Message"*

Similarly, Apple contends that it is not on notice as to MTEL's position regarding the "wireless page message." (Mot. at 12.) Notably, Apple cites to MTEL's characterizations of Apple's notification services, that allegedly send text messages upon delivery events. (*Id*. at 13.) This is consistent with MTEL's reply, which states that "MTel's ICs state that the 'wireless page message' may be a text message, iMessage message, or e-mail." (Dkt. 89 at 9.) In reply, Apple seems to acknowledge that it understands what MTEL alleges constitutes a "wireless page message" but that the identified "wireless page message" does not "meet[] the claim limitations." (Dkt. 100 at 4-5.) Thus, the dispute framed here is not one of notice, but one of infringement. Accordingly, the Court **DENIES** the Motion on these grounds.

- 5 -

## CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Apple's Motion as set forth above.

**SIGNED this 25th day of April, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE