**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § § | Case No. 2:12-cv-832-RSP |
| v. | § § | (Lead Case) |
| SPRINT NEXTEL CORPORATION, | § § | |
| Defendant. | § § § | |

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 2:13-cv-259-RSP |
| SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, | § § § | |
| Defendant. | § § | |

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 2:13-cv-258-RSP |
| APPLE INC., | § § | |
| Defendant. | § § § | |

## ORDER REGARDING MOTIONS IN LIMINE

Before the Court are Plaintiff's Motions in Limine as to Apple (Dkt. 252 and Dkt. 273) and Samsung (Dkt. 263 and Dkt. 274). Also before the Court are Apple's Motions in Limine (Dkt. 251), Samsung's Motions in Limine (Dkt. 266), and MTEL's dropping of the '748 Patent. The Court rules as follows.

### Plaintiff's Motions in Limine as to Apple (Dkt. 252 and Dkt. 273)

1.  *Motion to preclude Apple from presenting a defense of "practicing the prior art."*

    **GRANTED** upon Apple's assertion that it did not intend to present a "practicing the prior art" defense. Nothing in this limine, however, shall restrict Apple from arguing that the prior art references it selected in accordance with the parties' agreement invalidate the patents-in-suit.

2 & 4.  *Motions to preclude discussion of prior sales and valuations of the patents-in-suit.*

    These motions are targeted toward two disparate items:

    - The first is the Bell Industries acquisition of the SkyTel business and patents and the Velocita acquisition of the SkyTel business and patents. The Court finds that although the acquisitions represent imperfect evidence, they are relevant to damages and that relevance is not outweighed by the likelihood of juror confusion.  Accordingly, the Motions are **DENIED** as to the SkyTel acquisitions generally.

    - Also at issue is Bell Industries' allocation of $963,000 to the patents included in its acquisition.  The Court finds that this number involves a host of different business considerations and is too far removed from the hypothetical negotiation that the jury will be asked to consider.  The likely result of the presentation of this evidence is substantial juror confusion.  Accordingly, the Motions are **GRANTED** as to the evidence of Bell Industries' 10-K allocation.

3.  *Motion to preclude Apple from presenting evidence as to MTEL's corporate structure.*

    **DENIED**, but in accordance with its representations at the pretrial hearing, Apple is **ORDERED** to abstain from making implications of any nefarious purpose behind MTEL's corporate structure or name changes.

5.       *Motion to preclude Apple from presenting prior art references in excess of the number agreed upon by the parties.*

         **GRANTED** as agreed.

6.       *Motion to preclude Apple from presenting inventor testimony as to claim construction.*

         **DENIED** without prejudice. Neither party may produce expert testimony that is either irrelevant or has not been properly disclosed under the rules of this Court. The Court observes that its rulings on the deposition designations have further outlined the contours of the issue for the parties, but is prepared to address the issue at trial if necessary.

7.       *Motion to preclude Apple from eliciting testimony regarding Defendant's proposed trial exhibits Nos. 297-307.*

         **WITHDRAWN.**

8.       *Motion to preclude Apple from addressing the fact that testimony or opinions offered by Mr. Walter Bratic have been excluded in any other lawsuits.*

         **GRANTED** as agreed.

**Plaintiff's Motions in Limine as to Samsung (Dkt. 263 and Dkt. 274)**

1.       *Motion to preclude Samsung from presenting evidence or testimony regarding the Court's claim constructions or order.*

         **GRANTED** as agreed.

2.       *Motion to preclude Samsung from presenting a defense of "practicing the prior art."*

         **GRANTED** upon Samsung's assertion that it did not intend to present a "practicing the prior art" defense. Nothing in this limine, however, shall restrict Samsung from arguing that the prior art references it selected in accordance with the parties' agreement invalidate the patents-in-suit.

3.       *Motion to preclude Samsung from presenting evidence or testimony regarding the effect of a damages award.*

         **GRANTED IN PART** as to an argument that a damages award in this case would negatively impact Samsung's employees or consumers.

4 & 6.        *Motions to preclude discussion of prior sales and valuations of the patents-in-suit.*
These motions are targeted toward two disparate items:

- The first is the Bell Industries acquisition of the SkyTel business and
patents and the Velocita acquisition of the SkyTel business and patents.
The Court finds that although the acquisitions represent imperfect
evidence, they are relevant to damages and that relevance is not
outweighed by the likelihood of juror confusion.  Accordingly, the
Motions are **DENIED** as to the SkyTel acquisitions generally.

- Also at issue is Bell Industries' allocation of $963,000 to the patents
included in its acquisition.  The Court finds that this number involves a
host of different business considerations and is too far removed from the
hypothetical negotiation that the jury will be asked to consider.  The likely
result of the presentation of this evidence is substantial juror confusion.
Accordingly, the Motions are **GRANTED** as to the evidence of Bell
Industries' 10-K allocation.

5.        *Motion to preclude Samsung from presenting evidence as to MTEL's corporate
structure.*

**DENIED**, but in accordance with its representations at the pretrial hearing,
Samsung is **ORDERED** to abstain from making implications of any nefarious
purpose behind MTEL's corporate structure or name changes.

7.        *Motion to preclude Samsung from presenting prior art references in excess of the
number agreed upon by the parties.*

**GRANTED**.  In view of the Court's granting Samsung's Motion to Exclude
Undisclosed Evidence (Dkt. 237), there is no need for Samsung to exceed the
agreed-upon number of references.

8.        *Motion to preclude Samsung from inquiring about or eliciting any testimony for
the purpose of showing that MTel sued or did not sue any other parties other than
those currently at trial.*

**GRANTED IN PART** as to the other parties sued by MTEL.

9.      *Motion to preclude Samsung from presenting inventor testimony as to claim construction.*

**DENIED** without prejudice. Neither party may produce expert testimony that is either irrelevant or has not been properly disclosed under the rules of this Court. The Court observes that its rulings on the deposition designations have further outlined the contours of the issue for the parties, but is prepared to address the issue at trial if necessary.

## Apple's Motions in Limine (Dkt. 251)

1.      *Motion to preclude evidence of other Apple litigations.*

**GRANTED**.

2.      *Motions to preclude evidence of Apple's size, wealth, market capitalization, etc.*

This Motion is deferred to the Court's ruling on Apple's Motion to Exclude the Testimony of Walter Bratic (Dkt. 244).

3.      *Motion to preclude MTEL from arguing that any patent-in-suit was ever practiced.*

**GRANTED** as agreed except as to the '506 patent.

4.      *Motion to preclude any assertion or suggestion that MTel LLC is the same entity as, or related to, any of the Original SkyTel Entities.*

**WITHDRAWN**.

5.      *Motion to preclude any assertion or suggestion that Apple knew about the asserted patents before this action was filed.*

**DENIED** but Plaintiff is **ORDERED** to abstain from suggesting that Apple had a duty to investigate absent other knowledge.

6.      *Motion to preclude any testimony by an expert that was not disclosed in that expert's reports, including but not limited to the following infringement and damages theories that were not presented in an expert report.*

**DENIED** without prejudice to reurging if and when an expert attempts to exceed the scope of his or her report at trial.

7.        *Motion to entirely preclude MTEL from presenting opinions regarding doctrine of equivalents.*

**DENIED**.

8.        *Motion to exclude any purported evidence of conception and/or reduction-to-practice of the inventions of the asserted patents that was not produced before the end of expert discovery.*

**WITHDRAWN** per Plaintiff's agreement to make Mr. Pinter available for deposition prior to trial.

9.        *Motion reiterating Apple's Motion to Strike.*

The Court defers the ruling on this motion to its decision on Apple's Motion to Strike (Dkt. 199).


**Samsung's Motions in Limine (Dkt. 266)**

A-D.    *Motions to preclude MTEL's experts from exceeding the scope of their reports.*

**DENIED** without prejudice to reurging if and when an expert attempts to exceed the scope of his or her report at trial.

E.        *Motions to preclude reference to unrelated litigation involving Samsung.*

**GRANTED** except to the extent that Plaintiff's expert can testify that he used a similar methodology to Samsung in evaluating this case.

F.        *Motion to exclude MTEL-Sprint license.*

The Court observes that the MTEL-Sprint license, which arose from litigation, is the only license that includes the patents-in-suit available as evidence in this case. Although it is imperfect evidence, it is the best evidence available, and the Court finds that it is relevant to damages and will not cause unfair prejudice or create significant juror confusion.  In much the same way as the Court is permitting Apple and Samsung to utilize evidence of the SkyTel acquisitions that do not perfectly mirror the hypothetical negotiation in question here, the Court also **DENIES** this Motion.

**Dismissal of '748 Patent**

   MTEL intends to drop the '748 patent from this case per the parties' mutual agreement to abide by the model order limiting claims and prior art. In accordance with Federal Rule of Civil Procedure 41, which specifies that a voluntary dismissal is without prejudice unless the order states otherwise, the Court finds that MTEL's dropping of the '748 patent in this case is without prejudice.

  **SIGNED this 5th day of November, 2014.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE