# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC,<br>    Plaintiff,<br>v.<br>SPRINT NEXTEL CORPORATION,<br>    Defendant. | § § § § § § § | Case No. 2:12-cv-832-JRG-RSP<br>(Lead Case) |
| v.<br>SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,<br>    Defendant. | § § § § | Case No. 2:13-cv-259-JRG-RSP |
| v.<br>APPLE INC.,<br>    Defendant. | § § § § | Case No. 2:13-cv-258-JRG-RSP |

## MEMORANDUM ORDER

Before the Court is Defendant Apple's Motion for Summary Judgment of Noninfringement of the '403 and '210 Patents (Dkt. 245, the "Motion").

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the

requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247-48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323.

## DISCUSSION

The parties' briefing centers on the '403 and '210 patents' limitations that require transmitters operating in "simulcast." At the claim construction hearing, the Court construed "transmit … in simulcast" to mean "transmitting the same information at the same time." Both parties in this case agreed to that construction.

Apple disagrees with MTEL's contention that space-time block coding ("STBC") and spatial expansion ("SE") techniques each meet this limitation.

Apple's argument as to SE is that because "cyclic shifts" are introduced into transmission streams, the same information is not transmitted at the same time. (Mot. at 5.) Apple acknowledges that these "cyclic shifts" are a matter of nanoseconds. (*Id*.) In even the most advanced of technology, there are often delays that are imperceptible to the end user but necessary for computing systems to function properly. Even without the "cyclic shifts" proposed by Apple, it is entirely likely that if you drill down far enough (to the femtosecond, for example) that most real world computing systems – even the ones initially embodied in the patent specifications at issue here – are incapable of transmitting information in a *perfectly* simultaneous fashion. The question of whether Apple's particular implementation of SE

introduces enough delay that it fails to infringe the claims as construed is a question of fact for the jury.

With regard to STBC, Apple relies on Dr. Vojcic's report and testimony, contending that Dr. Vojcic conceded that the antennas in question are transmitting different information at the same time. Unsurprisingly, Dr. Vojcic did not so neatly concede this point: in response to Apple's questioning, he testified that "on each subcarrier, [the] same modulation symbol would be transmitted on all two or three antennas at the same time." (Resp. at 9.) Apple alleges that MTEL is asking the Court to revisit its construction, and Apple asks the Court to refuse to do so. After a careful review of the record, however, the Court does not find that MTEL is requesting this Court to deviate from its construction. Rather, MTEL's argument is quite plain: STBC infringes because it transmits a "block of information" using multiple transmitters at the same time. The Court does not believe that this position is inconsistent with its claim construction ruling – which Apple has repeatedly affirmed is correct and should not be revisited. A jury may find that Apple's use of STBC does not infringe the claims as construed by the Court, and it appears from the partial record before the Court that such a finding might be reasonable. But the Court is not convinced that when viewing the alleged facts in the light most favorable to the non-movant, as it is required to do in the context of a motion for summary judgment, there is no genuine dispute whether Apple's use of STBC is encompassed by the claims.

## CONCLUSION

For the reasons set forth above, Defendant Apple's Motion for Summary Judgment of Noninfringement of the '403 and '210 Patents (Dkt. 245) is hereby **DENIED**.

**SIGNED this 6th day of November, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE