# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC,<br>　　　　Plaintiff,<br>v.<br>SPRINT NEXTEL CORPORATION,<br>　　　　Defendant. | § § § § § § § § | Case No. 2:12-cv-832-JRG-RSP<br>(Lead Case) |
| v.<br>SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,<br>　　　　Defendant. | § § § § | Case No. 2:13-cv-259-JRG-RSP |
| v.<br>APPLE INC.,<br>　　　　Defendant. | § § § § | Case No. 2:13-cv-258-JRG-RSP |

## MEMORANDUM ORDER

Before the Court is Defendant Apple's Motion for Summary Judgment of Noninfringement of the '506 and '748 Patents (Dkt. 247, the "Motion").

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the

parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247-48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323.

## DISCUSSION

The Court first observes that Apple's Motion for Summary Judgment is **MOOT** as to the '748 Patent that was dropped from this case pursuant to the parties' agreement to abide by the model order limiting claims and prior art. Apple also requests summary judgment as to the '506 Patent.

Apple contends that *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318 (Fed. Cir. 2008) and *Limelight Networks, Inc. v. Akamai Tech., Inc.*, 134 S. Ct. 2111 (2014) control with regard to the '506 Patent, stating that "the law is clear that there can be no infringement (direct or indirect) if a single entity does not either perform all of the steps of a method claim or exercise 'control or direction' over the entities that perform all of the steps of a method." (Mot. at 1.) MTEL does not dispute this point of law.

Apple states that there is no material fact dispute with regard to the "selecting" step of the '506 Patent because:

> MTel relies on a single conclusory statement in Dr. Nettleton's expert report that "Apple 'and Apple software'" perform this step … However, following the service of his expert report, Dr. Nettleton unequivocally testified at his deposition that it is the user, not the software, performing the selecting step. Thus, MTel's argument that the Apple software performs the "selecting" step amounts to

nothing more than unsupported attorney argument, and (at most) a conclusory, unsupported expert statement.

(Dkt. 309 at 1.) There are a few issues raised by Apple's contention. The first, and most problematic, is that the statement "Dr. Nettleton unequivocally testified at his deposition that it is the user, not the software, performing the selecting step" is inaccurate. Dr. Nettleton did testify at his deposition that the user may perform the selecting step, but in the same breath stated "[o]f course, a user can't do anything without the phone." (*See, e.g.*, Mot. at 4.) Further, it does not appear from the record that Dr. Nettleton ever testified that Apple's software did not perform the selecting step. Finally, as Apple correctly notes, Dr. Nettleton's expert report also contended that the Apple's software performed the selecting step.

It is clear from the record that MTEL *does* contend that Apple itself performs the selecting steps of the '506 Patent. Thus, *Muniauction* and *Akamai* bear little resemblance to the factual allegations in this case. There is evidence in the record to support MTEL's contentions which, when viewed in the light most favorable to the non-movant, suggests that a reasonable jury could agree with MTEL's position.

## CONCLUSION

For the reasons set forth above, Defendant Apple's Motion for Summary Judgment of Noninfringement of the '506 and '748 Patents (Dkt. 247) is hereby **DENIED**.

**SIGNED this 6th day of November, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE