# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, <br> Plaintiff, <br> v. <br> SPRINT NEXTEL CORPORATION, <br> Defendant. | § § § § § § § § | Case No. 2:12-cv-832-JRG-RSP <br> (Lead Case) |
| v. <br> SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, <br> Defendant. | § § § § | Case No. 2:13-cv-259-JRG-RSP |
| v. <br> APPLE INC., <br> Defendant. | § § § § | Case No. 2:13-cv-258-JRG-RSP |

## MEMORANDUM ORDER

Before the Court is Defendant Apple's Motion for Summary Judgment of Noninfringement of the '946 and '428 Patents (Dkt. 246, the "Motion").

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the

parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247-48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323.

## DISCUSSION

**The '946 Patent**

Apple first requests summary judgment of noninfringement as to the '946 Patent. Apple urges that the Court must act on what it alleges is a claim construction dispute regarding the term "retransmission." The Court first observes that both now and at the claim construction stage of this case, Apple and MTEL have continually agreed that the term "retransmission" should be given its plain and ordinary meaning. Apple contends that it is nevertheless "improper to characterize this as a factual dispute simply because Apple and MTel contend that the claim term 'retransmission' should be given its plain and ordinary meaning," citing *O2Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008) in support of that proposition. The nature of the dispute before the Court is distinguishable from *O2 Micro*. Nevertheless, the Court's analysis need not end there.

Given that both parties contend the term has its plain and ordinary meaning, the question presented to the Court by Apple is whether a person of ordinary skill in the art would understand the plain and ordinary meaning of the term "retransmission" to require that a retransmission "can only occur *after* a first transmission of the message <u>from the communications network</u> to the

mobile unit." (Dkt. 298 at 1 (emphasis in original).) The Court does not believe that the plain and ordinary meaning of the term "retransmission" includes the limitations urged by Apple. Indeed, even the specification of the '946 Patent uses retransmission in a manner inconsistent with the additional limitations urged by Apple. *See* '946 Patent at 8:43-53.

Accordingly, the court construes the term "retransmission" to have its plain and ordinary meaning, and further finds that the plain and ordinary meaning of "retransmission" is not so limited as to require that a retransmission "can only occur after a first transmission of the message from the communications network to the mobile unit."[1]

The remaining dispute outlined by Apple with regard to the '946 Patent (comparing the properly construed claims to the accused instrumentalities) is simply a question of infringement that is a question of fact for the jury. *Markman v. Westview Instruments, Inc*., 52 F. 3d 967, 976 (Fed. Cir. 1995). The Court finds that, when viewing the summary judgment evidence in the light most favorable to the non-movant, a genuine factual dispute exists with regard to the question of infringement of the '946 Patent.

**The '428 Patent**

Apple also requests summary judgment of noninfringement as to the '428 Patent. Apple contends that because its "flush messages" do not serve to locate a mobile unit, they do not qualify as "probe messages." In doing so, Apple implicitly argues that the Court's construction of "a message that is generated to locate a mobile unit" for "probe message" requires that the message include or return a location. (*See, e.g*., Dkt. 285-2 at ¶175, 181.) The Court has previously declined to endorse this position. (*See* Dkt. 162 at 47 ("[t]he intrinsic evidence thus consistently demonstrates that although a probe message need not itself specify a location or

---

[1] Nothing in this ruling should be read to imply that Apple may not argue to the jury that Apple's accused instrumentalities do not meet this or other limitations of the '946 Patent.

contain location information, a probe message is generated for locating a mobile unit.")) The Court finds that, when viewing the summary judgment evidence in the light most favorable to the non-movant, there exists a genuine factual dispute with regard to infringement of the '428 Patent.

## CONCLUSION

For the reasons set forth above, Defendant Apple's Motion for Summary Judgment of Noninfringement of the '946 and '428 Patents (Dkt. 246) is hereby **DENIED**.

**SIGNED this 7th day of November, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE