# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § | |
| Plaintiff, | § | |
| v. | § | Case No. 2:13-cv-259 |
| SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, | § § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant Samsung's Motion to Exclude the Opinions and Testimony of MTEL's Infringement Expert, Dr. Ray Nettleton (Dkt. 256, the "Motion").

## APPLICABLE LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining

whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## DISCUSSION

Samsung asks this Court to exclude Dr. Nettleton's testimony regarding representative products. Samsung takes no issue with the use of representative products, but instead contends that Dr. Nettleton's testimony will not be sufficient to prove infringement as to all accused devices. But Samsung's concern is exactly that: a question of sufficiency of the evidence, not one of admissibility. This is underscored by Samsung's citation of case after case in the context of judgment as a matter of law or summary judgment. (*See, e.g.*, Mot. at 5-6 (citing *Medtronic Vascular, Inc. v. Boston Scientific Corp.*, No. 2:06-CV-78, 2008 WL 2744909, at *3 (E.D. Tex. July 11, 2008); *Mirror Worlds, LLC v. Apple, Inc.*, 784 F. Supp. 2d 703, 714 (E.D. Tex. 2011) *aff'd*, 692 F.3d 1351 (Fed. Cir. 2012); *Commissariat a L'Energie Atomique v. Samsung Elecs. Co.*, 524 F. Supp. 2d 534, 541 (D. Del. 2007).) It is without question that MTEL must prove infringement for each of the accused products by a preponderance of the evidence, and that MTEL bears the risk of using representative products. But whether MTEL is able to meet its evidentiary burden is a question not appropriate for the instant motion. *Pipitone,* 288 F.3d at 249-50 ("while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits.").

## CONCLUSION

Having considered all of Samsung's objections to Dr. Nettleton's opinions, Samsung's Motion to Exclude the Opinions and Testimony of MTEL's Infringement Expert, Dr. Ray Nettleton (Dkt. 256) is **DENIED**.

**Signed this date.**

**Dec 12, 2014**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE